NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY LAMONT TAYLOR, | NO. C 03-02626 JW |
| Plaintiff(s), | **ORDER OF DISMISSAL** |
| v. | |
| SENIOR LIBRARIAN BURKS, STAFF LIBRARIAN GARCIA, EDUCATION DIRECTOR CRAWFORD, et al., | |
| Defendant(s). | |

Plaintiff initiated this civil rights suit on June 5, 2003. His allegations involved his treatment by staff at Salinas Valley State Prison regarding his attempts to access the library. His allegations, however, were extremely disjointed and unclear. Accordingly, by order dated February 10, 2004, the Court granted Plaintiff leave to proceed in forma pauperis, and dismissed the complaint with leave to amend.

On February 24, 2004, Plaintiff filed an amended complaint. Pursuant to 28 U.S.C. section 1915A, the Court now must screen the complaint.

Order of Dismissal
P:\PRO-SE\SJ.Jw\CR.03\taylor2626dismissal.wpd

1  Plaintiff continues to allege that numerous defendants conspired together to deny him access
2  to the prison law library.  Plaintiff also alleges that he was discriminated against because he is
3  Jewish, African American, and mentally disabled.  Plaintiffs allegations do not rise to the level of a
4  constitutional violation, however.

5  Prisoners have a constitutional right of access to the courts.  See Lewis v. Casey, 518 U.S.
6  343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977).  To establish a claim for any violation
7  of the right of access to the courts, the prisoner must prove that there was an inadequacy in the
8  prison's legal access program that caused him an actual injury.  See Lewis, 518 U.S. at 350-55.  To
9  prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered
10 his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement.
11 See id. at 354-55; see, e.g.,  Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004) (agreeing with
12 district court that prisoner "did not allege injury, such as inability to file a complaint or defend
13 against a charge, stemming from the restrictions on his access to the law library").

14 Like Jones, Plaintiff in this case does not allege an actual inability to file a complaint or
15 defend against a charge.  Instead, Plaintiff alleges that he was unable to prepare, present, and file
16 several motions because he was denied access to the library.  Plaintiff, however, does not provide
17 enough information about the nature of these "motions" to determine whether the motions would
18 have been "non-frivolous."  Nor does Plaintiff explain how he suffered an actual injury by not being
19 able to file them.  Accordingly, the claim must be dismissed.

20 Plaintiff apparently also wishes to pursue various claims of discrimination.  In general,
21 prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from
22 discrimination.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted).  Invidious
23 discrimination, such as racial segregation within prisons, is unconstitutional, save for the necessities
24 of prison security and discipline.  See Cruz v. Beto, 405 U.S. 319, 321 (1972); Johnson v. California,
25 207 F.3d 650, 655 (9th Cir. 2000).

26 In the present case, however, Plaintiff fails to plead sufficient facts to make out a claim of

28 Order of Dismissal
   P:\PRO-SE\SJ.Jw\CR.03\taylor2626dismissal.wpd    2

discrimination, other than alleging that defendants made discriminatory and derogatory statements. While such statements are abhorrent, they do not rise to the level of a constitutional violation. See e.g. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments not enough to state constitutional claim); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (vulgar language does not state constitutional claim).

Accordingly, this action is DISMISSED with prejudice. All pending motions are DENIED as moot.

Dated: May 8, 2006

JAMES WARE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Jw\CR.03\taylor2626dismissal.wpd        3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

Jeffrey Lamont Taylor  D41759
Salinas Valley State Prison
P. O. Box 1060
Soledad, Ca 93960-1060

**Dated: May 9, 2006**                                         **Richard W. Wieking, Clerk**

                                                               **By:__/s/_____**
                                                                   **Melissa Peralta**
                                                                   **Courtroom Deputy**

Order of Dismissal
P:\PRO-SE\SJ.Jw\CR.03\taylor2626dismissal.wpd